Argued July 14, affirmed September 21, rehearing denied and costs taxed October 12, 1926.

## D. H. HANNA, ADMINISTRATOR, *v*. E. ROYCE ET AL.

(249 Pac. 173.)

**Pleading.**

1. Amendment of complaint charging plaintiff was struck by defendant's automobile near sidewalk so as to charge happening near car track on same street, *held* not to state new cause of action.

**Pleading.**

2. "Departure in pleadings" means change in reply stating cause of action different from that set forth in complaint.

**Appeal and Error.**

3. Where testimony is conflicting, appellate court will not attempt to weigh evidence.

**Automobiles—Pedestrian, Attempting to Cross Street When Automobile was Block and Width of Street Away, Stopping so as to Give Automobile Ample Room to Pass, Held not Negligent as Matter of Law.**

4. Plaintiff, who attempted to cross street when automobile was block and width of street away, and who on reaching center of street

---

2.   See 21 R. C. L. 583.
3.   See 2 R. C. L. 194.

between car tracks stopped for it to pass, giving it ample room, was not negligent as matter of law, her negligence being jury question under evidence.

### Automobiles—Whether Chauffeur Might have Seen Plaintiff by Proper Lookout or was Prevented by Defect in Lighting System of Car, Held for Jury.

5. Where jury saw automobile and observed its lighting system and saw street and intersection near which plaintiff was struck, whether it was impossible for chauffeur to have seen her because of defect in lighting system of car, if he had been keeping proper lookout, was question of fact for jury.

### Automobiles.

6. Conflicting testimony as to whether plaintiff was standing still for some time when chauffeur of car which struck her entered street intersection near where she was struck, *held* for jury.

### Automobiles—Whether Fact That Glass from Headlight of Automobile was Found at Certain Places Contradicted Testimony of Plaintiff Struck by Automobile, Held for Jury.

7. In action for injuries from being struck by automobile, whether fact that fragments of glass of automobile's headlight were found in certain place contradicted plaintiff's testimony as to happening of accident, in view of fact that plaintiff when struck fell against car which swerved, presented question for jury.

### Trial.

8. Permitting witnesses to testify on rebuttal after they had been excluded from courtroom at beginning of trial, but who remained in courtroom after testifying in chief, was not abuse of court's discretion.

### Trial.

9. If violation of order excluding witnesses from courtroom is not intentional and not procured by connivance of counsel or from improper motive, it is discretionary with court to allow them to testify.

### Automobiles.

10. City ordinance relating to conduct of automobile drivers in relation to each other on through traffic streets was not relevant in action for injuries to pedestrian from being struck by automobile.

## From Multnomah: Louis P. Hewitt, Judge.

5. See 13 R. C. L. 296.

Appeal and Error, 4 C. J., p. 1005, n. 68.
Motor Vehicles, 28 Cyc., p. 47, n. 20.
Pleading, 31 Cyc., p. 416, n. 41.
Trial, 38 Cyc., p. 1371, n. 60, p. 1779, n. 76.

Department 2.

This is an action for personal injuries, which plaintiff alleges she sustained by reason of defendants' taxicab being negligently driven against her while she was crossing East Broadway Street in the City of Portland.

The account of the accident, as narrated in the complaint, is as follows:

"That on, to-wit, the 11th day of November, 1924, plaintiff was crossing East Broadway Street in a northerly direction at the point where said East Broadway Street is intersected by the crosswalk which is a continuation of the sidewalk on the westerly side of East Sixth Street, and plaintiff was so crossing East Broadway Street in a careful and prudent manner, taking into consideration the traffic with which said East Broadway Street is burdened, of which traffic conditions the defendants and their said servant, Robert E. Clark, had full knowledge; that at said time and place the defendants, through their said servant, Robert E. Clark, were driving said black and white taxicab bearing license No. 156–817 in a westerly direction upon said East Broadway Street, and they did then and there carelessly and negligently drive said automobile at a high and dangerous rate of speed, and into the intersection of said East Broadway Street, and said East Sixth Street, and caused the same to come into collision with the plaintiff at a point near the northerly car track of East Broadway Street, and then and there inflicted upon her the injuries hereinafter set forth.

"That the defendants were careless and negligent in driving their said automobile at said time and place in the following particulars:

"(a) In that they drove said automobile into said street intersection at a high and dangerous rate of speed, much in excess of twelve miles per hour, and at approximately twenty miles per hour.

"(b) In that they did not have their said automobile under control as they entered the intersection of said streets.

"(c) In that they did not keep a lookout for pedestrians crossing said East Broadway Street at said point of intersection.

"(d) In that they did not have said automobile equipped with adequate lights to enable the driver thereof to detect the presence of a pedestrian crossing the path of said automobile.

"(e) In that they did not use any care or precaution whatsoever to avoid colliding with the plaintiff, who was lawfully using the streets and highways of the city of Portland, and then engaged in crossing East Broadway Street in a careful and prudent manner.

"That said collision occurred without any carelessness or negligence whatever on the part of the plaintiff, but was caused solely by the carelessness and negligence of the defendants in the particulars hereinbefore set forth."

Then follows a specification of the injuries suffered by plaintiff as the result of the collision.

The defendants answered admitting the ownership of the automobile described in the complaint and that plaintiff did come in contact therewith and was thereby injured, but denied that the automobile ran into and against plaintiff. Otherwise, there was a general denial of all the allegations respecting the injury and the cause thereof.

The defendants for a further defense pleaded contributory negligence on the part of plaintiff in that, while defendants' car was being driven in a careful and prudent manner along East Broadway Street in the vicinity of the intersection of East Broadway and Sixth Streets, the plaintiff suddenly and unexpectedly and without any previous notice or warning stopped and jumped immediately in front of and into

said automobile before the same could be stopped although due care and diligence was exercised in that behalf, and that whatever injuries plaintiff sustained were unavoidable so far as defendants were concerned.

Another separate defense alleged that the automobile was being driven with due care and that plaintiff carelessly and recklessly and without looking or listening for approaching vehicles, and without exercising any care or precaution for her own safety, suddenly and unexpectedly walked or jumped immediately in front of said automobile and a collision occurred before the same could be stopped or a collision avoided, although defendants' driver used due care to avoid the same.

The case having been put at issue by reply, came on for trial, and after the jury was called and before any evidence was taken, counsel for plaintiff asked leave to amend the complaint in the following respect. The original complaint located the place of the collision "at a point near the northerly sidewalk of East Broadway Street," which counsel asked leave to change as to read "at a point near the northerly car track of East Broadway Street," which the court permitted by striking out the word "sidewalk" and inserting the word "car track." To this ruling defendants excepted on the theory that the amendment substantially changed the cause of action.

Numerous grounds of error are assigned, which will be noticed in the opinion. The plaintiff had a verdict and judgment in the sum of $5,625, and defendants appeal.      Affirmed.    Rehearing Denied.

For appellants there was a brief over the name of *Messrs. Platt, Platt, Fales & Smith,* with an oral argument by *Mr. Isham N. Smith.*

For respondent there was a brief and oral argument by *Mr. John C. McCue.*

McBRIDE, C. J.—1. The first ground of error assigned is as to the action of the court in allowing plaintiff to amend her complaint. It will be remembered that the original complaint described the place of the accident as taking place on the north side of Broadway Street and near the sidewalk. It was amended, as already mentioned, so as to read "at a point near the northerly car track on East Broadway Street." Defendants contend that this stated a new cause of action, but we do not so regard it. The cause of action was the same, namely, negligently driving the car so as to produce the injury of which plaintiff complains. The point at which the injury occurred was not part of the cause of action although incidental to it, and the change permitted did not in any way change the cause of action, but merely located the place of the injury at a point different from that specified in the original complaint. It was not such a change as would have been likely to mislead the defendants in the preparation of defendants' case or require any other witnesses than those that would have been summoned in any event. Nor was there any motion to continue the cause for further consideration.

2. Most of the authorities cited by counsel for defendants have reference to departure in the pleadings whereby is meant a change in a reply stating a cause of action different from that set forth in the complaint. This objection will have to be overruled. The principal objection urged is that the uncontroverted fact showed that the plaintiff was guilty of contributory negligence and therefore a verdict for the defendants should have been directed.

3. It is needless to say that, where testimony is conflicting, the appellate court will not attempt to weigh the evidence upon appeal. Yet this is practically what counsel have asked us to do in this case.

4. The testimony of the plaintiff is to the effect that upon leaving the curb on the south side of Broadway at its intersection near Sixth Street, she looked first to the left and saw a car coming from that direction and that she also looked to the right and saw the car driven by defendants' chauffeur more than a block away going down toward the west and that she thought she had plenty of time before it would reach her as she was proceeding on the crosswalk to the northerly side of Broadway. Taking her statement as true, as we must, the defendants' car was more than a block and the width of Sixth Street away and we cannot say as a matter of law that she was negligent in attempting to cross the street and proceeding on her way under these circumstances for she did as any reasonable person might do assuming that this car was being driven at the ordinary rate of speed, which is said to be something like fifteen miles an hour. She further says that when she reached the center of the street between the car tracks that she noticed that the defendants' car was coming very rapidly and assuming, not unreasonably it seems to us, that the car would have ample room to pass her, she stopped for it to pass. We are not able to say as a matter of law that this was negligence on her part. She testified that there was ample room for it to pass further to the north and that it could have done so without striking her. It is not uncommon in emergencies of the kind claimed by plaintiff, for pedestrians to stop and allow the car to pass assuming that it will be reasonably driven and with due reference to their safety. If the plaintiff's testimony,

that the car was being driven at a very rapid rate of speed, was true, she cannot be held to have contributed to the injury by thus retaining her position. It is true that she might have stepped back a step or two, but as she remarked, by so doing, she might have stepped back in the way of some other car going in another direction. Taking her account of it, it was an emergency which required the exercise of immediate judgment either as to action or nonaction. We cannot assume that she was negligent in not stepping back or in standing still, if, as she says, there was ample room for the car to pass without striking her. She was bound to use reasonable care to avoid the injury, and whether she did so or not, was a question for the jury and not of law for the court. The testimony is conflicting as to the speed of the car. Plaintiff says that it was coming very rapidly, so rapidly as to induce in her mind a sense of danger and for that reason she did not proceed farther. Her son fixes the speed in his testimony at twenty-five or thiry miles an hour while other witnesses put it at about fifteen miles an hour. It was for the jury to decide which set of witnesses were testifying correctly. But even while fifteen miles an hour is not ordinarily a rapid rate of speed, it might be an excessive rate of speed at a crossing largely frequented by pedestrians, and, according to the defendants' testimony, not lighted in the most approved manner.

The fact remains that the plaintiff was struck and very seriously and very dangerously injured, and, according to her statement of the case, the accident occurred on account of the defendants' chauffeur running directly toward her or against her when he might have, by the exercise of ordinary prudence and by the use of his eyesight, discerned her presence in time to have avoided the accident. .

5, 6. The defendants' chauffeur testifies that he was unable to see her. That the lighting system of the car was such as he was unable to see persons crossing the path of the car. In such a case, it was his duty to have held his car under such control as to have avoided the accident if possible. Whether it was impossible to have seen her, if he had been keeping the proper lookout, was a question of fact for the jury. They saw the car and observed its lighting system. They saw the street and the intersection and were the judges as to whether the defendants' chauffeur kept the proper lookout and kept the car under proper control as might have avoided an accident of this character. The chauffeur says the plaintiff stepped instantly in front of his car. She says that she was standing absolutely still for quite a while when he entered the intersection. In this contradiction of the testimony there arose a question of fact for the jury to determine and which they must have determined in favor of the plaintiff in order to have found this verdict.

7. It is claimed that the plaintiff's testimony is contradicted by physical facts, but the only fact relied upon is that some pieces of glass, claimed by defendants' driver and others to have been fragments of the left headlight of the defendants' car, were found about six feet north of the northerly car track, which would place them at something like ten feet north of the center of the street. It will be remembered that when the plaintiff was struck, she fell against and upon the car and that the car at some point swerved to the right until it reached the curb on the north side of Sixth Street and about fifty feet from the intersection. Whether the glass fell immediately when the plaintiff was struck, or whether the weight of her body against it and against the fender

of the car held it and prevented it from falling at the place of the collision were questions of fact for the jury under all the circumstances.

8, 9. Another point established is the admission of witnesses who testified on rebuttal, and who had been excluded from the courtroom at the beginning of the trial, but, after testifying in chief, remained in the courtroom. It does not appear that these witnesses knowingly violated the order of the court, but were evidently under the impression that having testified they would be at liberty to remain without any thought of being called in rebuttal.

We think there is a general concurrence of opinion in the courts that, where the violation of the order was not intentional and not procured by a connivance of counsel or from some improper motive, it is discretionary with the court to allow such witnesses to testify or to exclude them from so doing; but, under the circumstances such as appear here, it would have been an abuse of discretion had the court refused to allow them to testify.

Some objections have been raised to the instructions of the court with regard to the reciprocal duties of a driver of an automobile and a pedestrian crossing the street. Some items of the court's instructions, if taken alone, would seem to border upon error; but, taking the instructions as a whole, we think that, on the contrary, they fully and fairly stated the law in regard to such reciprocal duties and that there was nothing in the instructions that misled the jury.

10. Defendants also undertook to predicate error upon the refusal of the court to allow them to introduce an ordinance of the City of Portland relating to through traffic streets. The ordinance in question seems to be directed wholly to the conduct of drivers of automobiles in relation to each other on these

through traffic streets, and we fail to see its relevancy to the facts in the instant case.

Taking the case as a whole, we fail to find any reversible error, or, indeed, any error in the action of the court below, and the judgment is therefore affirmed.    AFFIRMED.    REHEARING DENIED.

BURNETT, BEAN and BELT, JJ., concur.